Dear Representative Wright
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does any State law prevent the Governor from scheduling a special election, without delay, which proposes the legalization of a state lottery, in accordance with the provisions of House Bill 1278, passed by the 2003 First Regular Session of the 49
th Legislature April 2, 2003, and sent to the Governor on April 3, 2003?
¶ 1 Your question deals with a Legislative Referendum — a measure referred to the people by the Legislature itself for the people's rejection or approval in a statewide election. The Legislature's power to refer matters to the people for their approval or rejection is derived from Article V, Section 2 of the Oklahoma Constitution, which in pertinent part provides:
 The second power is the referendum, and it may be ordered, except as to laws necessary for the immediate preservation of the public peace, health, or safety, either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted.
Id. (emphasis added).
¶ 2 The provisions of Article V, Section 3 of the Oklahoma Constitution indicate when matters referred to the people will be voted on, providing in pertinent part:
 All elections on measures referred to the people of the state shall be had at the next election held throughout the state, except when the Legislature or
the Governor shall order a special election for the express purpose of making such reference.
Id. (emphasis added).
¶ 3 The Legislative enactment you ask about — the state lottery proposal H.B. 1278 — referred the statutory lottery measure to the people, specifically providing that the Governor set a special election:
 [T]he following legislative referendum . . . shall be filed with the Secretary of State and addressed to the Governor of the state, who shall submit the same to the people for their approval or rejection at a special election on a day set by the Governor.
2003 Okla. Sess. Laws ch. 58, § 1 (emphasis added).
¶ 4 Special elections in such cases are set by the Governor by way of a proclamation filed with the Secretary of State. 34 O.S.2001, § 12[34-12].
¶ 5 In essence you ask if there are any legal limits on when the Governor may set a special election for the purpose of voting on the proposed state lottery referendum. Under present law there are only two limitations on when either the Governor or the Legislature may set a special election for consideration of a statutory measure submitted to a vote of the people.[1]
First, under the provisions of 26 O.S. 2001, § 12-116[26-12-116], when either the "Governor or the Legislature shall call for a special statewide election on any measure to be submitted to a vote of the people, said election shall be held not fewer than sixty(60) days from the date said election is called." Id.
(emphasis added). Second, under the provisions of 26 O.S. 2001,§ 3-101[26-3-101](A), the election must be set for a Tuesday, and no other day of the week.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 There are two limits on the Governor's setting of a special election for the people to vote on a statutory Legislative Referendum, such as the referendum proposed by the 2003 First Regular Session of the 49th Legislature on a state lottery in H.B. 1278, submitted to the people under the authority of Article V, Sections 2 and 3 of the Oklahoma Constitution. First, under the provisions of 26 O.S. 2001, § 12-116, the "election shall be held not fewer than sixty (60) days from the date said election is called." Second, under the provisions of 26 O.S. 2001, § 3-101(A), the special election must be held on a Tuesday.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 NEAL LEADER Senior Assistant Attorney General
[1] Under Article XXIIII, Section 1 of the Oklahoma Constitution, a special election to consider an amendment to the Oklahoma Constitution may only be authorized "by a two-thirds (2/3) vote of each house" of the Legislature.